UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA GONZALEZ MONDRAGON, GUSTAVO GUSMAN, and ALAN REYES on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>R T FARM LABOR, INC., et al.,<br><br>Defendants. | Case No.  1:22-cv-01259-JLT-BAM<br><br>**ORDER VACATING MOTION HEARING**<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>(Doc. 19)<br><br>**ORDER SETTING STATUS CONFERENCE** |

Currently before the Court is the motion of Plaintiffs Claudia Gonzalez Mondragon, Gustavo Gusman, and Alan Reyes (collectively "Plaintiffs") for leave to file a first amended complaint. (Doc. 19.)  No defendant has appeared in this action  The Court therefore finds the instant motion suitable for resolution without oral argument. L.R. 230(g).  Accordingly, the motion hearing currently set for September 22, 2023, is HEREBY VACATED.

Having considered the briefing and record in this case, Plaintiffs' motion for leave to file a first amended complaint will be granted.

**BACKGROUND**

On October 3, 2022, Plaintiffs, individually and on behalf of all other similarly situated individuals, filed this putative class action against Defendants R T Farm Labor, Inc. Ricardo Trevino Jr., Ricardo Gomez Trevino, and Harold Chuhlantseff.  (Doc. 1.)  The action arises out of

1

1  defendants' alleged failure to pay seasonal agricultural workers for all the wages owed to them.

2  Plaintiffs have been unable to serve Defendant Chuhlantseff with the summons and
3  complaint, but now anticipate they will be able to serve the original and first amended complaint
4  by substitute service. (Doc. 19-1, Declaration of Gonzalo Quezada at ¶ 7.) Default has been
5  entered against the remaining Defendants Ricardo Gomez Trevino, R.T. Farm Labor, Inc., and
6  Ricardo Trevino, Jr. (See Doc. 15; Doc. 19 at pp. 3-4.)

7  On August 14, 2023, Plaintiffs filed the instant motion seeking to amend the complaint to
8  add an additional defendant allegedly responsible for the wage and hour violations: T&C
9  Vineyards. Plaintiff also appears to add a PAGA claim for penalties against Defendants
10  Chuhlantseff and T&C Vineyards. (*See* Doc. 19-2.)

11  **DISCUSSION**

12  Federal Rule of Civil Procedure 15(a) provides:

13  A party may amend its pleading once as a matter of course within: (A) 21 days after
   serving it; or (B) if the pleading is one to which a responsive pleading is required,
14  21 days after service of a responsive pleading or 21 days after service of motion
   under Rule 12(b), (e) or (f) whichever is earlier.
15

16  Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend it pleading only with the opposing
17  party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). A court "should freely give
18  leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme
19  Court has stated:

20  [i]n the absence of any apparent or declared reason—such as undue delay, bad faith
   or dilatory motive on the part of the movant, repeated failure to cure deficiencies
21  by amendments previously allowed, undue prejudice to the opposing party by virtue
   of allowance of the amendment, futility of amendment, etc. —the leave sought
22  should, as the rules require, be "freely given."

23  *Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the
24  merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*,
25  649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to
26  pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979
27  (9th Cir. 1981).

28  Courts consider five factors in determining whether justice requires allowing amendment

2

under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

    In this case, no responsive pleading has been filed and Plaintiffs may amend the complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) ("Under Rule 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading."); *see also Sousa v. Walmart, Inc.*, No. 1:20-cv-00500-EPG, 2023 WL 5278662, at *4 (E.D. Cal. Aug. 16, 2023) ("Under Rule 15(a), a party is entitled to amend its pleadings once as a matter of course before a responsive pleading is served. Fed. R. Civ. P. 15(a)."); *Gilbert v. Castrejon*, No. 1:22-cv-00319-ADA-SKO, 2023 WL 2189403, at *1 (E.D. Cal. Feb. 23, 2023) ("Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend their pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1)."). Even if that were not the case, the Court finds leave to amend under Rule 15 appropriate given the early stages and procedural posture of this action. There will be little prejudice to defendants in permitting the amendment as Defendants Ricardo Gomez Trevino, R.T. Farm Labor, Inc., and Ricardo Trevino, Jr. are in default and Defendants Chuhlantseff and T&C Vineyards will be served with the amended

complaint.[1] Plaintiff also has not unduly delayed in seeking to amend the complaint, the amendment is not brought in bad faith, and there is no indication that such amendment is futile. Accordingly, leave to file a first amended complaint will be granted.

### CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint (Doc. 19) is GRANTED;

2. Within five (5) court days after issuance of this Order, Plaintiff shall file the First Amended Complaint, a copy of which was attached as Exhibit 2 to the Declaration of Gonzalo Quezada, Esq. (Doc. 19-3); and

3. The Court sets a STATUS CONFERENCE for **November 2, 2023, at 9:00 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe** to address the status of service of the First Amended Complaint and, if appropriate, scheduling of this action. The parties shall appear at the conference remotely either via Zoom video conference or Zoom telephone number. The parties will be provided with the Zoom ID and password by the Courtroom Deputy prior to the conference. The Zoom ID number and password are confidential and are not to be shared. Appropriate court attire required.

IT IS SO ORDERED.

Dated:   **September 7, 2023**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Service of the amended complaint is not required on the defaulted defendants because the amended complaint does not assert new or additional claims for relief against those defendants. Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."); *see Tatum v. Layers, LLC,* No. 19-CV-02668-DMR, 2021 WL 6332677, at *5 (N.D. Cal. Mar. 25, 2021), report and recommendation adopted, No. 19-CV-02668-EMC, 2021 WL 6332781 (N.D. Cal. Apr. 27, 2021) (finding Rule 5(a)(2) did not require service of the amended complaint on defaulted defendants where amended complaint added new forms of relief but did not assert any new claims against those defendants).