UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA GONZALEZ MONDRAGON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> R T FARM LABOR, INC., *et al.*, <br><br> Defendants. | Case No. 1:22-cv-01259-JLT-BAM <br><br> ORDER TO SHOW CAUSE AS TO DEFAULTED DEFENDANT R T FARM LABOR, INC.'S NONCOMPLIANCE WITH SUBPOENA <br><br> (Doc. 63) <br><br> **Order to Show Cause Hearing:**     **August 22, 2024** <br>                                        **10:00 AM** <br>                                        **Courtroom 8 (BAM)** |

This matter is before the Court on Plaintiffs Claudia Gonzalez Mondragon, Gustavo Gusman, and Alan Reyes' ("Plaintiffs") Motion to Compel Compliance with Subpoena. (Doc. 63.) Through this motion, Plaintiffs seek to compel defaulted Defendant R T Farm Labor, Inc. to comply with a subpoena to produce documents, information, or objects or to permit inspection of premise. (*Id.*) The deadline for filing of an opposition to Plaintiffs' motion has passed. *See* L.R. 251(e).

The hearing on the motion set for June 21, 2024 was VACATED and this matter was deemed submitted on the papers. (Doc. 64.) On June 20, 2024, the Court issued a minute order

1

requiring Plaintiffs to file supplemental briefing to address whether Defendant R T Farm Labor, Inc. was properly served with Plaintiffs' subpoena and whether Defendant R T Farm Labor, Inc. had adequately complied with Plaintiffs' subpoena.  (Doc. 65.)  Plaintiffs filed supplemental briefing on July 8, 2024, in which they submit a declaration from Plaintiffs' counsel, proof of service for Plaintiffs' subpoena, Defendant R T Farm Labor, Inc.'s response to Plaintiffs' subpoena, and the declaration of Plaintiffs' process server.  (Doc. 67, 67-1, 67-2, 67-3.)

Having carefully considered the briefing, and for all the reasons detailed below, Plaintiffs' Motion to Compel Compliance with Subpoena (Doc. 63) is construed as a request for an order to show cause why Defendant R T Farm Labor, Inc. should not be held in civil contempt for failure to comply with Plaintiffs' subpoena.  The Court finds that defaulted Defendant R T Farm Labor, Inc. violated a specific and definite order of the Court.  Plaintiffs' request is therefore GRANTED and Defendant R T Farm Labor, Inc. is ORDERED TO SHOW CAUSE as to why it should not be held in contempt for failure to comply with Plaintiffs' subpoena.

## I. BACKGROUND

Plaintiffs filed this putative wage and hour class action on October 3, 2022, against Defendants R T Farm Labor, Inc.; Ricardo Trevino Jr.; Ricardo Gomez Trevino; Harold Chuhlantseff; and Does 1-50.  (Doc. 1.)  On April 17, 2023, upon application of the Plaintiffs, default was entered against Defendants Ricardo Gomez Trevino, R T Farm Labor, Inc., Ricardo Trevino Jr.  (Doc. 15.)  On September 8, 2023, Plaintiffs filed the operative first amended complaint against Defendants R T Farm Labor, Inc.; T&C Vineyards; Ricardo Trevino Jr.; Ricardo Gomez Trevino; Harold Chuhlantseff; and Does 1-50.  (Doc. 23.)  On February 6, 2024, upon application by Cross Claimant T&C Vineyards, default was entered against Defendants Harold A Chuhlantseff, Ricardo Gomez Trevino, R T Farm Labor, Inc., Ricardo Trevino Jr. (Doc. 47.)  On March 13, 2024, upon application of the Plaintiffs, default was entered against Defendant Harold A Chuhlantseff.  (Doc. 50.)  On May 30, 2024, Plaintiffs filed the instant Motion to Compel Compliance with Subpoena.  (Doc. 63.)

## II. LEGAL STANDARD

The Ninth Circuit has held that "a defaulted defendant should be treated as a non-party."

*Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010) (noting that defaulted defendant was a nonparty for the purposes of discovery requests).  District Courts have held that for defaulted defendants and nonparties, the "only sanction available when a nonparty does not obey a subpoena is contempt," and "a motion to compel would not be the right way to seek relief."  *Morales-Garcia v. Higuera Farms, Inc.*, No. CV185118SVWJPRX, 2020 WL 6260016, at *1 (C.D. Cal. June 4, 2020) (examining a motion to compel discovery on defaulted defendant); *see also Echostar Satellite L.L.C. v. Viewtech, Inc.*, No. 1:09-MC-00052-SMS, 2010 WL 653186, at *1 (E.D. Cal. Feb. 22, 2010) ("ultimately, it the recipient fails to comply without adequate excuse, the recipient is in contempt of court, and the proponent must file an application for an order to show cause why a contempt citation should not issue.  Plaintiffs have not applied for an order to show cause. Instead, it has brought a motion to compel, pursuant to F.R.Civ.P. 37, which provides for enforcement of discovery requests, not subpoenas."); *Garcia on behalf of California v. Westland Farms, LLC*, No. 1:20-cv-00190-KES-HBK, 2024 WL 1660248, at *1 (E.D. Cal. Apr. 17, 2024) (noting in order on motion for order to show cause that "Federal Rule of Civil Procedure 45 subpoenas are used to obtain documents or testimony from non-parties… [and] the Ninth Circuit has held a defaulted party should be treated as non-party.").  However, courts may construe motions to compel as applications for an order to show cause regarding contempt.  *Morgutia-Johnson v. City of Fresno*, No. 1:14-CV-00127-LJO-SKO, 2015 WL 1021123, at *2 (E.D. Cal. Mar. 9, 2015) (*ex parte* application for an order to compel nonparty's deposition was instead "construed as a request for a court order to show cause re contempt" for nonparty's failure to appear at deposition).

  Pursuant to Federal Rule of Civil Procedure 45(g), a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).  "Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court.  *Morgutia-Johnson*, 2015 WL 1021123, at *2 (E.D. Cal. Mar. 9, 2015) (citing *United States Sec. & Exh. Comm'n v. Hyatt*, 621 F.3d 687, 693 (7th Cir.2010)).  Where a party seeks a contempt sanction against a nonparty, that nonparty has the right to be heard in a meaningful fashion.  *Id.* at 2 (citing *Hyatt*, 621 F.3d at 696-97).

A contempt charge against a nonparty may be either of a criminal or a civil nature. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir.1983). "[A] court may impose civil contempt sanctions to (1) compel or coerce obedience to a court order, and/or (2) compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1131 (9th Cir. 2013). "The district court has 'wide latitude in determining whether there has been a contemptuous defense of its order.'" *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992), as amended on denial of reh'g (Aug. 25, 1992) (citing *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir.1984)). However, generally "the minimum sanction necessary to obtain compliance is to be imposed." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992).

"The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). "The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id.*

### III.   SERVICE OF PROCESS

As a preliminary matter, service of the subpoena on defaulted Defendant R T Farm Labor, Inc. was proper. Plaintiffs allege that Defendant R T Farm Labor, Inc. is a California corporation. (Doc. 23 ¶ 16.) Service may be completed on a corporation, partnership, or association by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process…" Fed. R. Civ. P. 4(h)(1)(B).

Plaintiffs' subpoena was served upon defaulted Defendant Ricardo Trevino Jr. - who Plaintiffs contend is the "the Chief Executive Officer for Defendant R T, and was in charge of making major corporate decisions and managing the operations of the corporation during the relevant time period… [and] is an owner, director, officer, or managing agent of Defendant R T." (Doc. 23 ¶ 19.) Plaintiffs' process server declared that he personally served the subpoenas upon Ricardo Trevino Jr. on behalf of Defendant R T Farm Labor, Inc. on February 29, 2024. (Doc.

4

67-3 ¶¶ 3-5.) Plaintiffs' process server stated that he understood Mr. Trevino Jr. to be the designated agent of service of process for Defendant R T Farm Labor, Inc., and provided him with a $15.00 check as compensation for producing the records. (*Id.* ¶¶ 4-5.) Service upon Defendant Trevino Jr. on behalf of Defendant R T Farm Labor, Inc. was completed at the same address Plaintiffs used for service of the complaint and subsequent filings for Defendant R T Farm Labor. (*See* Doc. 14-1 at 2; Doc. 63-2 at 4; Doc. 63-5 at 2; Doc. 67-3 ¶ 2.) Furthermore, Defendant Trevino Jr. additionally signed the Affidavit of the Custodian of Records on behalf of Defendant R T Farm Labor, Inc. in partially responding to Plaintiffs' discovery request. (Doc. 67-2 at 2.) The Court therefore finds that service upon defaulted Defendant R T Farm Labor, Inc. was proper.

**IV.    DISCUSSION**

Plaintiffs move for an order compelling defaulted Defendant R T Farm Labor, Inc. to produce documents pursuant to Plaintiffs' subpoena. (Doc. 63.) Plaintiffs contend that: the subpoenas were adequately served on defaulted Defendant R T Farm Labor, Inc.; no objections have been timely asserted in response to the subpoenas and are therefore waived; and the requested documents are within the scope of discovery. (*Id.*)

However, a motion to compel is not the appropriate mechanism for enforcement of Plaintiffs' subpoena on defaulted Defendant R T Farm Labor, Inc. As a defaulted defendant, R T Farm Labor, Inc. is considered a nonparty for discovery purposes. *Jules*, 617 F.3d at 1159. Therefore, the appropriate method for seeking enforcement of Plaintiffs' subpoena is an application for an order to show cause as to why a contempt citation should not issue. *See Echostar*, 2010 WL 653186, at *1; *Garcia*, 2024 WL 1660248, at *1. The Court will construe Plaintiffs' motion to compel as a request for an order to show cause as to why a contempt citation should not issue. *See Morgutia-Johnson*, 2015 WL 1021123, at *2.

Plaintiffs have shown that Defendant R T Farm Labor, Inc. violated a specific and definite order of the court. Plaintiffs' subpoena, which is considered an order of the Court, requested production of documents relating to current and former employees regarding: (1) Timekeeping Records; (2) Payroll Records; (3) Itemized Wage Statements; (4) Documents relating to Piece

Rate Policies and Compensation; (5) Documents relating to Compensation of Nonproductive Time; (6) Documents relating to Compensation for Rest and Recovery Periods; (7) Meal Period Records; (8) Rest Period Records; (9) Documents relating to medical health benefits and deduction; and (10) Documents relating to tax deductions. (Doc. 63-1 ¶ 5, Doc. 63-2.) Plaintiffs' fifteen Requests for Production of Documents to Defendant R T Farm Labor, Inc. request "All DOCUMENTS that REFER OR RELATE TO current or former EMPLOYEES, including Plaintiffs, EMPLOYED BY YOU…" (Doc. 63-2 at 13-14.) Plaintiffs' counsel clarifies that Defendant R T Farm Labor, Inc. then produced only three documents related to the named Plaintiffs but did not provide documents related to Defendant R T Farm Labor, Inc.'s non-exempt employees during the relevant period as requested. (Doc. 63-1 ¶ 6, Doc. 67 ¶ 4.) Plaintiffs' counsel then attempted to meet and confer with Defendant R T Farm Labor, Inc. to ensure compliance with Plaintiffs' subpoena, sending a meet and confer letter on May 17, 2024, to which Defendant R T Farm Labor, Inc. did not respond. (Doc. 63-1 ¶ 7; Doc. 63-3.) As Plaintiffs have met their burden to show that Defendants failed to completely respond to a specific and definite order of the Court, Defendant R T Farm Labor, Inc. shall be ordered to show cause as to why a contempt citation should not be issued. *See Garcia*, 2024 WL 1660248, at \*2; *Morgutia-Johnson*, 2015 WL 1021123, at \*3 ("As Defendants have established that Ms. Cole violated a specific and definite order of the court by failing to appear for her deposition on March 3, 2015, pursuant to a duly issued subpoena, Defendants' application for an order to show cause is GRANTED").

V.   **CONCLUSION AND ORDER**

The Court construes Plaintiffs' motion to compel as a request for an order to show cause as to why a contempt citation should not issue and finds that Plaintiffs have met their burden to show that Defendant R T Farm Labor, Inc. violated a specific and definite order of the court.

Accordingly:

1. Plaintiffs' Motion to Compel Compliance with Subpoena (Doc. 63) is construed as a request for an order to show cause as to why a contempt citation should not issue as to Defendant R T Farm Labor, Inc.;

6

2. Plaintiffs' request for an order to show cause why a contempt citation should not issue as to Defendant R T Farm Labor, Inc. is GRANTED;

3. **Defendant R T Farm Labor, Inc. is ORDERED** to appear before the undersigned on **August 22, 2024 at 10:00 AM in Courtroom 8 (BAM), United States District Court, 2500 Tulare Street, Fresno, CA** to SHOW CAUSE why it should not be held in contempt for failure to comply with Plaintiffs' subpoena. In addition to its appearance, Defendant R T Farm Labor, Inc. may also file a written response by August 16, 2024 why it should not be held in contempt for failure to comply with Plaintiffs' subpoena. If Plaintiffs and Defendant R T Farm Labor, Inc. inform the Court that Defendant R T Farm Labor, Inc. has complied with Plaintiffs' subpoena, the Order to Show Cause will be discharged, and the hearing will be vacated;

4. Failure to comply with this Order to Show Cause may subject Defendant R T Farm Labor, Inc. to contempt sanctions, including monetary sanctions; and

5. Plaintiffs are DIRECTED to effect service of this Order on Defendant R T Farm Labor, Inc. and the other Defendants in this action no later than **July 26, 2024**, and to file proof of service of this order no later than **July 30, 2024**.

IT IS SO ORDERED.

Dated: **July 12, 2024**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE

7