UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA GONZALEZ MONDRAGON, *et al.*, | Case No. 1:22-cv-01259-JLT-BAM |
| Plaintiffs, | CERTIFICATION OF FACTS AND FINDINGS AND RECOMMENDATIONS TO HOLD DEFAULTED DEFENDANT R T FARM LABOR, INC. IN CONTEMPT |
| v. | |
| R T FARM LABOR, INC., *et al.*, | ORDER SETTING SHOW CAUSE HEARING AS TO DEFAULTED DEFENDANT R T FARM LABOR, INC.'S NONCOMPLIANCE WITH SUBPOENA |
| Defendants. | |
| | ORDER DENYING PLAINTIFFS' *EX PARTE* APPLICATION TO APPEAR REMOTELY AS MOOT |
| | ORDER CONTINUING MID-DISCOVERY STATUS CONFERENCE |
| | (Docs. 63, 70) |

**Order to Show Cause Hearing:** October 21, 2024
1:30 PM
Courtroom 4 (JLT)

**Mid-Discovery Status Conference:** November 7, 2024
9:00 AM
Courtroom 8 (BAM)

1

This matter is before the Court on Plaintiffs Claudia Gonzalez Mondragon, Gustavo Gusman, and Alan Reyes' ("Plaintiffs") Motion to Compel Compliance with Subpoena. (Doc. 63.) Plaintiffs' motion sought to compel defaulted Defendant R T Farm Labor, Inc. to comply with a February 26, 2024 subpoena to produce documents, information, or objects or to permit inspection of premise. (*Id.*) The deadline for filing of an opposition to Plaintiffs' motion has passed. *See* L.R. 251(e).

The Court issued an Order to Show Cause as to Defendant R T Farm Labor, Inc's noncompliance with the subpoena on July 15, 2024, setting a show cause hearing for August 22, 2024. (Doc. 68.) Defendant R T Farm Labor, Inc. did not appear at the show cause hearing and has not otherwise opposed Plaintiffs' motion or responded to the Court's July 15, 2024 order. (*See* Doc. 71.)

Having carefully considered the briefing, and for all the reasons detailed below, the Court recommends that the District Court ORDER Defendant R T Farm Labor, Inc. to appear at a hearing to show cause why it should not be held into contempt. Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned certifies facts to the district court in support of the finding that further contempt proceedings are warranted.

**I.      BACKGROUND**

Plaintiffs filed this putative wage and hour class action on October 3, 2022, against Defendants R T Farm Labor, Inc.; Ricardo Trevino Jr.; Ricardo Gomez Trevino; Harold Chuhlantseff; and Does 1-50. (Doc. 1.) On April 17, 2023, upon application of the Plaintiffs, default was entered against Defendants Ricardo Gomez Trevino, R T Farm Labor, Inc., Ricardo Trevino Jr. (Doc. 15.) On September 8, 2023, Plaintiffs filed the operative first amended complaint against Defendants R T Farm Labor, Inc.; T&C Vineyards; Ricardo Trevino Jr.; Ricardo Gomez Trevino; Harold Chuhlantseff; and Does 1-50. (Doc. 23.) On February 6, 2024, upon application by Cross Claimant T&C Vineyards, default was entered against Defendants Harold A Chuhlantseff, Ricardo Gomez Trevino, R T Farm Labor, Inc., Ricardo Trevino Jr. (Doc. 47.) On March 13, 2024, upon application of the Plaintiffs, default was entered against Defendant Harold A Chuhlantseff. (Doc. 50.)

2

On May 30, 2024, Plaintiffs filed a Motion to Compel Compliance with Subpoena. (Doc. 63.) The Court issued its Order to Show Cause regarding defaulted Defendant R T Farm Labor, Inc.'s noncompliance with Plaintiffs' subpoena, construing Plaintiffs' motion as a request for an order to show cause as to why a contempt citation should not issue. (Doc. 68.) In that order, the Court set a show cause hearing for August 22, 2024, and directed Plaintiffs to serve the order to defaulted Defendant R T Farm Labor, Inc. no later than July 26, 2024. (*Id*.) Plaintiffs served Defendant R T Farm Labor, Inc. with the order on July 19, 2024. (Doc. 69.) On August 21, 2024, Plaintiffs filed an *ex parte* requesting that their counsel be permitted to appear remotely for the August 22, 2024 show cause hearing. (Doc. 70.)

On August 22, 2024, the Court held a show cause hearing. (Doc. 71.) Counsel Gonzalo Quezada appeared in person on behalf of Plaintiffs. The Court waited an additional five minutes to begin the hearing, but representatives or counsel for defaulted Defendant R T Farm Labor, Inc. did not appear. The Court proceeded with the hearing, noting that: defaulted Defendant R T Farms, Inc. had produced three documents that were not fully responsive to Plaintiffs' subpoenas (Doc. 67-2), the subpoena was properly served (Doc. 67), and Plaintiffs had filed a proof of service of the order to show cause (Doc. 69). The Court therefore found that there was adequate notice to defaulted Defendant R T Farm Labor, Inc. Plaintiffs' counsel informed the Court that he estimated a class size of 400 and that he had not received any further response from defaulted Defendant R T Farm Labor, Inc. despite sending letters and attempting to call the number he had found for defaulted Defendant R T Farm Labor, Inc. Plaintiffs' counsel also noted that defaulted Defendant R T Farm Labor, Inc. had not filed a notice of bankruptcy with the California Secretary of State, but defaulted Defendant R T Farm Labor, Inc.'s farm labor license had expired in late 2023 or early 2024.

**II.      LEGAL STANDARD**

**A. Defaulted Defendant as Nonparty for Discovery Requests**

As a preliminary matter, the Ninth Circuit has held that "a defaulted defendant should be treated as a non-party." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010) (noting that defaulted defendant was a nonparty for the purposes of discovery

3

requests). District Courts have held that for defaulted defendants and nonparties, the "only sanction available when a nonparty does not obey a subpoena is contempt," and "a motion to compel would not be the right way to seek relief." *Morales-Garcia v. Higuera Farms, Inc*., No. CV185118SVWJPRX, 2020 WL 6260016, at *1 (C.D. Cal. June 4, 2020) (examining a motion to compel discovery on defaulted defendant); *see also Echostar Satellite L.L.C. v. Viewtech, Inc*., No. 1:09-MC-00052-SMS, 2010 WL 653186, at *1 (E.D. Cal. Feb. 22, 2010) ("ultimately, it the recipient fails to comply without adequate excuse, the recipient is in contempt of court, and the proponent must file an application for an order to show cause why a contempt citation should not issue.

### B. Civil Contempt

Pursuant to Federal Rule of Civil Procedure 45(g), a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "Adequate excuse" is not a defined standard but is instead factually dependent. *HI.Q, Inc. v. ZeetoGroup, LLC*, No. MC 22-cv-1440-LL-MDD, 2022 WL 17345784, at *5 (S.D. Cal. Nov. 29, 2022) (citing Fed. R. Civ. P. 45 Advisory Committee's Note to 1991 Amendment and *Sanchez v. Albertson's, LLC*, No. 2:19-CV-2017-JAD-DJA, 2022 WL 656369, at *8 (D. Nev. Mar. 3, 2022)). "Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court. *Morgutia-Johnson v. City of Fresno*, No. 1:14-CV-00127-LJO-SKO, 2015 WL 1021123, at *2 (E.D. Cal. Mar. 9, 2015) (citing *United States Sec. & Exh. Comm'n v. Hyatt*, 621 F.3d 687, 693 (7th Cir.2010)). Where a party seeks a contempt sanction against a nonparty, that nonparty has the right to be heard in a meaningful fashion. *Id.* at *2 (citing *Hyatt*, 621 F.3d at 696-97).

A contempt charge against a nonparty may be either of a criminal or a civil nature. *See Falstaff Brewing Corp. v. Miller Brewing Co*., 702 F.2d 770, 778 (9th Cir.1983). "[A] court may impose civil contempt sanctions to (1) compel or coerce obedience to a court order, and/or (2) compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1131 (9th Cir. 2013). "The district court has 'wide latitude in determining

whether there has been a contemptuous defense of its order.'" *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992), as amended on denial of reh'g (Aug. 25, 1992) (citing *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir.1984)). However, generally "the minimum sanction necessary to obtain compliance is to be imposed." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). Moreover, "[a] civil contempt order must be accompanied by a 'purge' condition, meaning, it must give the contemnor an opportunity to comply with the order before the payment of the fine or other sanction becomes due." *Martinez v. City of Pittsburg*, No. C 11-01017 SBA LB, 2012 WL 699462, at *3 (N.D. Cal. Mar. 1, 2012).

"The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). "The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id.*

**C. Magistrate Judge Authority**

Absent consent by the parties, magistrate judges lack authority over civil contempt proceedings except in limited circumstances, none of which are applicable here. *See* 28 U.S.C. § 636(e); *Bingman v. Ward*, 100 F.3d 653, 656-57 (9th Cir. 1996) ("when we upheld the power of a magistrate judge to impose discovery sanctions, we also opined that § 636(e), 'which governs the jurisdiction and powers of magistrates, requires a magistrate to refer contempt charges to a district court judge.'"). A magistrate judge may only investigate whether further contempt proceedings are warranted and, if the magistrate judge so finds, certify such facts to a district judge. 28 U.S.C. § 636(e)(6); *see also Alcalde v. NAC Real Estate Invs. & Assignments, Inc*., 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008). Specifically, upon finding an act constituting a civil contempt:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

5

28 U.S.C. § 636(e)(6)(B)(iii); *see also Grimes v. City & Cnty. Of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (noting that § 636 "requires a magistrate judge to refer contempt charges to a district court judge."). "Essentially, the magistrate judge's role is to determine whether the movant has established a prima facie case of contempt – i.e., whether the movant has shown by clear and convincing evidence that the party or nonparty has violated a court order." *Delorme v. Big Think Capital, Inc.*, No. 2:23-mc-00037-FLA-MAR, 2023 WL 8125766, at *3 (C.D. Cal. Oct. 18, 2023).

### III.   CERTIFICATION OF FACTS

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned certifies the following facts to the district judge assigned to this matter:

(1) The February 26, 2024 subpoena (Doc. 67-1) complied with the applicable procedural requirements of Federal Rule of Civil Procedure 45;

(2) Plaintiffs' subpoenas were properly served on defaulted Defendant R T Farm Labor, Inc. through personal service on agent Ricardo Trevino Jr. on February 29, 2024 (*See* Doc. 14-1 at 2; Doc. 63-2 at 4; Doc. 63-5 at 2; Doc. 67-3 ¶ 2, Doc. 68 at 4-5);

(3) On March 18, 2024, defaulted Defendant R T Farm Labor, Inc. replied to Plaintiffs' subpoena with only three pages of records related to the named Plaintiffs but did not provide documents related to R T Farm Labor, Inc.'s non-exempt employees during the relevant period as requested (Doc. 63-1 ¶ 6, Doc. 67 ¶ 4, Doc. 67-2);

(4) On May 17, 2024, Plaintiffs sent a meet and confer letter to defaulted Defendant R T Farm Labor, Inc. stating that the response was deficient, as it only produced three documents related to named Plaintiffs (Doc. 63-3);

(5) Defaulted Defendant R T Farm Labor, Inc. did not provide further documents responsive to Plaintiffs' subpoena, move to quash the subpoena, or otherwise offer any excuse for failing to comply with the subpoena (Doc. 63-1 ¶¶ 6-7; Doc. 67 ¶ 4, Doc 70-1 ¶ 2);

(6) On May 30, 2024, Plaintiffs filed a Motion to Compel Compliance regarding

defaulted Defendant R T Farm Labor, Inc.'s contempt of Plaintiffs' subpoenas (Docs. 63, 67);

(7) On July 12, 2024, the undersigned issued an order to show cause directing defaulted Defendant R T Farm Labor, Inc. to appear at an August 22, 2024 hearing to show cause why contempt sanctions should not issue, and noting that defaulted Defendant R T Farm Labor, Inc. could file a written response explaining why it should not be held in contempt for failure to comply with Plaintiffs' subpoena and that Plaintiffs or defaulted Defendant R T Farm Labor, Inc. could file a notice if defaulted Defendant R T Farm Labor, Inc. complied with Plaintiffs' subpoena  (Doc. 68);

(8) On July 19, 2024, Plaintiffs served a copy of the July 12, 2024 order on defaulted Defendant R T Farm Labor, Inc.  (Doc. 69-2);

(9) Defaulted Defendant R T Farm Labor, Inc. did not respond in writing to the July 12, 2024 order to show cause;

(10) No notice was filed that defaulted Defendant R T Farm Labor, Inc. had complied with Plaintiffs' subpoena and Plaintiffs' counsel noted in an August 21, 2024 *ex parte* application that he had not been contacted by defaulted Defendant R T Farm Labor, Inc. or its counsel (Doc 70-1 ¶ 2);

(11) Defaulted Defendant R T Farm Labor, Inc. or its representative did not appear at the August 22, 2024 show cause hearing (Doc. 71);

(12) Defaulted Defendant R T Farm Labor, Inc. did not otherwise respond to Plaintiffs' subpoena, Plaintiffs' Motion to Compel or the undersigned's Order to Show Cause why contempt sanctions should not issue (*See* Doc. 63-1 ¶¶ 6-7; Doc. 67 ¶ 4, Doc 70-1 ¶ 2); and

(13) Defaulted Defendant R T Farm Labor, Inc. has made no attempt to explain its nonappearances and noncompliance with court orders.

Based on these facts, the undersigned recommends that defaulted Defendant R T Farm Labor, Inc. be held in civil contempt.  Defaulted Defendant R T Farm Labor, Inc. has failed to comply with clear and definite court orders—both the February 26, 2024 subpoena and the

Court's July 12, 2024 Show Cause Order. *Morgutia-Johnson*, 2015 WL 1021123, at *2. Defaulted Defendant R T Farm Labor, Inc. also did not appear at the August 22, 2024 show cause hearing as ordered by the undersigned. (Docs. 68, 71.) Defaulted Defendant R T Farm Labor, Inc. did not object to the subpoena or otherwise seek relief from compliance with the Court's orders. Nor did defaulted Defendant R T Farm Labor, Inc. file an opposition to Plaintiffs' Motion to Compel. Plaintiffs have therefore shown by clear and convincing evidence that defaulted Defendant R T Farm Labor, Inc. violated specific orders of the Court. Accordingly, the undersigned recommends that the District Court order defaulted Defendant R T Farm Labor, Inc. to appear before it to show cause why it should not be adjudged in contempt. *Delorme*, 2023 WL 8125766, at *3.

### IV.    SANCTIONS TO ENSURE COMPLIANCE AND OPPORTUNITY TO PURGE

The Court must consider the appropriate sanction to compel defaulted Defendant R T Farm Labor, Inc. to comply with the February 26, 2024 subpoena if it continues its noncompliance. The undersigned recommends defaulted Defendant R T Farm Labor, Inc. be given twenty-one (21) days from the date of service of these Certification of Facts and Findings of Recommendation to fully comply with the February 26, 2024 subpoena and the Court's July 12, 2024 Order to Show Cause, or to show why compliance is impossible. *See United States v. Rylander*, 460 U.S. 752, 757 (1983) ("In a civil contempt proceeding such as this, of course, a [contemnor] may assert a present inability to comply with the order in question… While the court is bound by the enforcement order, it will not be blind to evidence that compliance is now factually impossible. Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action. It is settled, however, that in raising this defense, the [contemnor] has a burden of production.").

Should defaulted Defendant R T Farm Labor, Inc. fail to purge itself of contempt prior to the expiration of this twenty-one (21) day period, the undersigned recommends the District Court impose a $50 a day fine on defaulted Defendant R T Farm Labor, Inc., payable to the Clerk of Court for the Eastern District of California until it complies with the subpoena. *See Garcia on behalf of California v. M.G. Luna, Inc.*, No. 1:20-cv-00190-KES-HBK, 2024 WL 3637483, at *2

(E.D. Cal. Aug. 2, 2024) (imposing $200 per day fine on defaulted defendants until they fully complied with subpoenas); *Whittaker*, 953 F.2d at 517 ("the minimum sanction necessary to obtain compliance is to be imposed"). The undersigned further recommends that Plaintiffs be directed to file a status report every fourteen (14) days after the fine is imposed informing the Court of whether defaulted Defendant R T Farm Labor, Inc. has complied with Plaintiffs' subpoena and whether an extension of the daily fine is necessary.

V. **CONCLUSION, ORDER, AND FINDINGS & RECOMMENDATIONS**

Accordingly, **IT IS ORDERED THAT**:

1. Defaulted Defendant R T Farm Labor, Inc. SHALL appear in-person before District Judge Jennifer L. Thurston on **October 21, 2024 at 1:30 PM in Courtroom 4 (JLT), United States District Court, 2500 Tulare Street, Fresno, CA** to SHOW CAUSE why it should not be held in contempt for failure to comply with Plaintiffs' subpoena;
2. Counsel for Plaintiffs are DIRECTED to appear in-person for the October 21, 2024 Show Cause Hearing unless otherwise excused;
3. Plaintiffs are DIRECTED to personally serve a copy of these Certifications of Facts and Findings and Recommendations upon defaulted Defendant R T Farm Labor, Inc. no later than **September 6, 2024**, and to file proof of service with the Court;
4. Pursuant to the "purge" condition outlined above in Section IV, defaulted Defendant R T Farm Labor, Inc. SHALL HAVE twenty-one (21) days from the date of service of these Certifications of Facts and Findings and Recommendations upon defaulted Defendant R T Farm Labor, Inc. to fully comply with Plaintiffs' February 26, 2024 subpoena or show by clear and convincing evidence why compliance is impossible;
5. Plaintiffs are DIRECTED to immediately file a notice with the Court if defaulted Defendant R T Farm Labor, Inc. complies with Plaintiffs' February 26, 2024 subpoena;
6. Plaintiffs' *ex parte* application to appear remotely at the August 22, 2024 (Doc. 70) is DENIED as moot; and
7. The Mid-Discovery Status Conference set for September 3, 2024, is CONTINUED

9

to **November 7, 2024, at 9:00 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe**.  The parties shall file a status report one week prior to the conference.  The parties shall appear at the conference remotely either via Zoom video conference or Zoom telephone number. The parties will be provided with the Zoom ID and password by the Courtroom Deputy prior to the conference. The Zoom ID number and password are confidential and are not to be shared. Appropriate court attire required.

It is further **RECOMMENDED THAT**:

1. The District Court grant Plaintiffs' Motion to Compel (Doc. 63) as construed as a request for an order to show cause as to why a contempt citation should not issue (*See* Doc. 68);

2. If defaulted Defendant R T Farm Labor, Inc. fails to avail itself of the "purge" condition prior to the expiration of the twenty-one (21) day period, the District Court impose a fine on defaulted Defendant R T Farm Labor, Inc. of $50 per day payable to the Clerk of Court for the Eastern District of California until defaulted Defendant R T Farm Labor, Inc. complies with Plaintiffs' February 26, 2024 subpoena; and

3. Plaintiffs be directed to file a status report every fourteen (14) days after the fine is imposed informing the Court of whether defaulted Defendant R T Farm Labor, Inc. has complied with Plaintiffs' subpoena and whether an extension of the daily fine is necessary.

///
///
///
///
///
///
///
////

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 27, 2024**          /s/ Barbara A. McAuliffe
                                     UNITED STATES MAGISTRATE JUDGE