1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CLAUDIA GONZALEZ MONDRAGON,          Case No.  1:22-cv-01259-JLT-BAM
     *et al.*,
12                                        ORDER DENYING PLAINTIFFS' REQUEST
                      Plaintiffs,         FOR ISSUANCE OF ORDER TO ALLOW
13                                        FOR ALTERNATE SERVICE ON
             v.                           DEFAULTED DEFENDANT R T FARM
14                                        LABOR, INC. WITHOUT PREJUDICE
     R T FARM LABOR, INC., *et al*.,
15                                        ORDER RESETTING SHOW CAUSE
                      Defendants.         HEARING AS TO DEFAULTED
16                                        DEFENDANT R T FARM LABOR, INC.'S
                                          NONCOMPLIANCE WITH SUBPOENA
17
                                          (Doc. 74)
18
                                          **Order to Show**
19                                        **Cause Hearing:**          **January 6, 2025**
                                                                      **1:30 PM**
20                                                                    **Courtroom 4 (JLT)**

21

22

23

24          This matter is before the Court on Plaintiffs Claudia Gonzalez Mondragon, Gustavo

25   Gusman, and Alan Reyes' ("Plaintiffs") Request for Issuance of an Order to Allow for Service of

26   Papers by Mail on Defaulted Defendant R T Farm Labor, Inc.  (Doc. 74.)  Plaintiffs requests the

27   Court issue an order permitting service on defaulted Defendant R T Farm Labor, Inc. by mailing

28   copies of the relevant documents to the defaulted Defendant at the last known addresses for its

                                          1

agent: 12899 Walnut Ave, Orosi, CA 93647 and 1215 Elder Avenue, Dinuba California, 93618, with service deemed complete upon mailing. (*See* Doc. 74-3 at 1.) The deadline for filing of an opposition to Plaintiffs' motion has passed. *See* L.R. 233(b).

Having carefully considered the briefing, and for all the reasons detailed below, Plaintiffs' Request for Issuance of an Order to Allow for Service of Papers by Mail on Defaulted Defendant R T Farm Labor, Inc (Doc. 74) is DENIED without prejudice.

## I.   BACKGROUND

Plaintiffs filed this putative wage and hour class action on October 3, 2022, against Defendants R T Farm Labor, Inc.; Ricardo Trevino Jr.; Ricardo Gomez Trevino; Harold Chuhlantseff; and Does 1-50. (Doc. 1.) On April 17, 2023, upon application of the Plaintiffs, default was entered against Defendants Ricardo Gomez Trevino, R T Farm Labor, Inc., Ricardo Trevino Jr. (Doc. 15.) On September 8, 2023, Plaintiffs filed the operative first amended complaint against Defendants R T Farm Labor, Inc.; T&C Vineyards; Ricardo Trevino Jr.; Ricardo Gomez Trevino; Harold Chuhlantseff; and Does 1-50. (Doc. 23.) On February 6, 2024, upon application by Cross Claimant T&C Vineyards, default was entered against Defendants Harold A Chuhlantseff, Ricardo Gomez Trevino, R T Farm Labor, Inc., Ricardo Trevino Jr. (Doc. 47.) On March 13, 2024, upon application of the Plaintiffs, default was entered against Defendant Harold A Chuhlantseff. (Doc. 50.)

On May 30, 2024, Plaintiffs filed a Motion to Compel Compliance with Subpoena. (Doc. 63.) The Court issued its Order to Show Cause regarding defaulted Defendant R T Farm Labor, Inc.'s noncompliance with Plaintiffs' subpoena, construing Plaintiffs' motion as a request for an order to show cause as to why a contempt citation should not issue. (Doc. 68.) In that order, the Court set a show cause hearing for August 22, 2024, and directed Plaintiffs to serve the order to defaulted Defendant R T Farm Labor, Inc. no later than July 26, 2024. (*Id.*) Plaintiffs served Defendant R T Farm Labor, Inc. with the order by mail to its agent Ricardo Trevino Jr. at 12899 Walnut Avenue, Orosi, CA 93647 on July 19, 2024. (Doc. 69.)

On August 22, 2024, the Court held a show cause hearing. (Doc. 71.) At the hearing, the Court noted that defaulted Defendant R T Farms, Inc. had produced three documents that were

not fully responsive to Plaintiffs' subpoenas, the subpoena was properly served, and Plaintiffs had filed a proof of service of the order to show cause.  (Doc. 72 at 3.)

On August 27, 2024, the Court issued its Certifications of Facts and Findings and Recommendations to Hold Defaulted Defendant R T Farm Labor, Inc. in Contempt and set a show cause hearing before District Judge Jennifer L. Thurston for October 21, 2024.  (Doc. 72.) That order directed Plaintiffs "to personally serve a copy of these Certifications of Facts and Findings and Recommendations upon defaulted Defendant R T Farm Labor, Inc. no later than September 6, 2024, and to file proof of service with the Court."  (Doc. 72 at 9.)

On September 6, 2024, Plaintiffs filed a status report in which they noted that Plaintiffs had been unable to personally serve defaulted Defendant R T Farm Labor, Inc. but would continue their attempts at service.  (Doc. 73.)  On October 4, 2024, Plaintiffs filed the instant Request for Issuance of an Order to Allow for Service of Papers by Mail on Defaulted Defendant R T Farm Labor, Inc.  (Doc. 74.)  On October 14, 2024, Plaintiffs filed a status report in which they noted that they had still been unable to serve defaulted Defendant R T Farm Labor, Inc. and requested the October 21, 2024 show cause hearing be continued.  (Doc. 75.)  The Court subsequently vacated the October 21, 2024 show cause hearing.  (Doc. 76.)

## II.     LEGAL STANDARD

The Court ordered Plaintiffs "personally serve a copy of these Certifications of Facts and Findings and Recommendations upon defaulted Defendant R T Farm Labor, Inc. no later than September 6, 2024, and to file proof of service with the Court."  (Doc. 72 at 9.)  Given the Court's requirement of personal service and the importance of due process in notifying defaulted Defendant R T Farm Labor, Inc. of the Certifications of Facts and Findings and Recommendations recommending it be held in contempt, the Court relied upon Federal Rule of Civil Procedure 4 regarding service.

Service may be completed on a corporation, partnership, or association "in the manner prescribed by Rule 4(e)(1) for serving an individual," or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute

and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h). Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made..." Fed. R. Civ. P. 4(e)(1).

California law permits service at a person's usual place of abode if the person a "copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served…" Cal. Civ. Proc. Code § 415.20(b) ("a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.") "'Ordinarily, ... two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.'" *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 613 (C.D. Cal. 1995) (quoting *Bein v. Brechtel–Jochim Group, Inc.*, 6 Cal.App.4th 1387, 1390, 8 Cal.Rptr.2d 351, 352 (1992)). However, courts have also denied motions for substitute service when parties have failed to exhaust available avenues to effect service. *See Zorikova v. Gish*, No. 5:21-CV-01691-JWH-SHKX, 2022 WL 2903156, at *3 (C.D. Cal. Jan. 12, 2022) ("Neither is the Court convinced that [plaintiff] has exhausted all avenues to effect service to demonstrate reasonable diligence per Section 415.20(b) of California's Code of Civil Procedure."); *Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137–38 (1996) (finding that reasonable diligence in the context of California Civil Code Section 415.50 required "thorough, systematic investigation and inquiry conducted in good faith... A number of honest attempts to learn defendant's whereabouts or address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city

4

and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient.")

California Code of Civil Procedure also permits service by mailing a "copy of the summons and of the complaint ... (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender."  Cal. Civ. Proc. Code § 415.30(a). Subsection (b) of the statute provides the form for a Notice and Acknowledgement of Receipt of Summons which cautions the recipient that "[f]ailure to complete this form and return it to the sender within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons upon you in any other manner permitted by law."  *Id.* § 415.30(b), 415.30(d).  Service by mail is "deemed complete on the date a written acknowledgment of receipt of summons is executed."  *Id.* § 415.30(c); *see also Barlow v. Ground*, 39 F.3d 231, 234 (9th Cir. 1994).

## III.   DISCUSSION

Plaintiffs have not established reasonable diligence to permit substitute service of the Court's order upon defaulted Defendant R T Farm Labor, Inc.  Plaintiffs' process server attempted to serve defaulted Defendant R T Farm Labor, Inc. on five separate occasions at different times of day on September 4, 5, 6, 11, and 14, 2024 at 12899 Walnut Avenue, Orosi, California 93647.  (Doc. 74-2 at 2-3.)  During the September 4, 2024 service attempt, a "John Doe behind the security screen door says that subject is not home."  (Doc. 74-2 at 2.)  During the September 14, 2024 service attempt, a "John Doe behind the security screen door [said] that subject doesn't live there, he only comes to visits sometimes."  (*Id.* at 3.)  The person then refused "to answer any other questions and shut the door."  (*Id.*)  Plaintiffs' counsel further explains that "Plaintiffs believe that Defaulted Defendant RTF is—and will continue to—actively evade personal service efforts" in light of the difficulties Plaintiffs experienced in effectuating personal service on defaulted Defendant Harold A Chuhlantseff and the non-service reports on defaulted Defendant R T Farm Labor, Inc.  (Doc. 74-1 ¶ 8; *See* Docs. 17, 21, 27, 38.)  The Court previously found service was proper upon defaulted Defendant R T Farm Labor, Inc. via service upon its

agent, defaulted Defendant Ricardo Trevino Jr., at that address.  (Doc. 68 at 4-5.)  Plaintiffs' counsel states that this is the address reflected on the California Secretary of State website for the agent of defaulted Defendant R T Farm Labor, Inc.  (Doc. 74-1 ¶ 6.)  This address is also the same as the address listed on the few documents provided by defaulted Defendant R T Farm Labor, Inc. to Plaintiffs in response to the subpoena at issue.  (*See* Doc. 67-2 at 3-5.)

While two or three attempts at personal service at a proper place ordinarily satisfies the requirement of reasonable diligence for the purposes of substitute service, the Court also notes that Plaintiffs' counsel additionally identified other contact information for defaulted Defendant R T Farm Labor, Inc.  (Doc. 74-1 ¶ 6.)  Plaintiffs' counsel notes that "it appears Defaulted Defendant RTF entered into a contract with Wise Venture on or about 2023, and Defaulted Defendant Ricardo Trevino Jr., the agent of service of process for Defaulted Defendant RTF, provided 1215 Elder Avenue, Dinuba, California 93618 and richy@rtfarmlabor.com as contact information." (*Id.*)  While Plaintiffs' counsel notes his intent to mail and email the Certifications of Facts and Findings and Recommendations to those addresses, he does not indicate attempts to contact or serve the defaulted Defendant's agent via the other addresses.  (*Id.*)  Though Plaintiffs' five service attempts demonstrate efforts at personal service, Plaintiffs have not exhausted other potential addresses and avenues for service.  *See* Cal. Civ. Proc. Code § 415.30(a).  Plaintiffs have therefore not met the reasonable diligence standard necessary to permit substitute service by mail.  *See Zorikova*, 2022 WL 2903156, at *3.

Plaintiffs cite *Chambers v. Whirlpool Corp.*, in which a Central District court held that, "Absent further guidance from the Ninth Circuit, the court believes the better view is that 'delivery' under Rule 45 means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness, rather than personal service, and that alternative means of service are available 'only after the party requesting the accommodation diligently attempted to effectuate personal service.'" *Chambers v. Whirlpool Corp.*, No. SA CV 11-1733-FMO (JCG.X), 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016) (citations omitted).  However, *Chambers* concerned service of a subpoena while this matter concerns the Court's order requiring personal service of certification of facts and findings and recommendations to hold a non-party in contempt.

Furthermore, Plaintiffs have not demonstrated sufficient diligence in attempting personal service of the defaulted Defendant through other avenues that Plaintiffs' counsel has identified.  The cited case therefore does not support substitute service by mail in this instance.

**IV.    CONCLUSION AND ORDER**

Because Plaintiffs have not met the reasonable diligence standard for substitute service at the known addresses, IT IS ORDERED THAT:

1.    Plaintiffs' Request for Issuance of an Order to Allow for Service of Papers by Mail on Defaulted Defendant R T Farm Labor, Inc.  (Doc. 74) is DENIED WITHOUT PREJUDICE;

2.   The show cause hearing is RESET for **January 6, 2025 at 1:30 PM in Courtroom 4 (JLT)**, United States District Court, 2500 Tulare Street, Fresno, CA.  Defaulted Defendant R T Farm Labor, Inc. SHALL appear in-person before District Judge Jennifer L. Thurston to SHOW CAUSE why it should not be held in contempt for failure to comply with Plaintiffs' subpoena.  Counsel for Plaintiffs are also DIRECTED to appear in-person.

3.   Plaintiffs are DIRECTED to serve a copy of this Order along with the Certifications of Facts and Findings and Recommendations (Doc. 72) upon defaulted Defendant R T Farm Labor, Inc.; AND

4.   Plaintiffs are DIRECTED to immediately file a notice with the Court if defaulted Defendant R T Farm Labor, Inc. complies with Plaintiffs' February 26, 2024 subpoena.

IT IS SO ORDERED.

Dated:   __October 18, 2024__           ___/s/ Barbara A. McAuliffe___
                                                    UNITED STATES MAGISTRATE JUDGE