**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLAUDIA GONZALEZ MONDRAGON, GUSTAVO GUSMAN, and ALAN REYES, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>R T FARM LABOR INC., *et al.*,<br><br>        Defendants. | Case No.: 1:22-cv-01259 JLT BAM<br><br>AMENDED ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, FINDING DEFENDANT R T LABOR, INC. IN CONTEMPT<br><br>(Docs. 63, 72) |

    Plaintiffs seek to hold the defendants, including defaulted defendant R T Farm Labor, Inc., liable for violations of California wage and hour laws and the federal Migrant and Seasonal Agricultural Worker Protection Act. (*See* Doc. 23.) After R T Farm Labor failed to respond to the amended complaint, the Clerk entered default. (Doc. 47.) Plaintiff then served a subpoena upon R T Farm Labor pursuant to Rule 45 of the Federal Rules of Civil Procedure and moved to compel compliance. (Doc. 63 at 2.) The magistrate judge ordered R T Farm Labor to show cause why contempt sanctions should not issue, and R T Farm Labor failed to respond to the order or appear at the show cause hearing. (Doc. 71; Doc. 72 at 7.) After the hearing, the magistrate judge certified facts for the Court and issued Findings and Recommendations, recommending R T Farm Labor be held in contempt. (Doc. 72.)

    The Court held a contempt hearing on January 6, 2025. (Doc. 77.) Plaintiffs filed proof of

1

service, indicating Plaintiff served R T Farm Labor's agent for service with the Certification of Facts and Findings and Recommendations on October 23, 2024[1] (Doc. 81), and the Notice of Order to Show Cause Hearing on November 1, 2024 (Doc 82). Although served with the Findings and Recommendations and informed any objections must be filed in writing within 14 days (*see* Doc. 72 at 11), R T Farm Labor did not file any objections. Similarly, R T Farm Labor did not avail itself of the purge conditions identified by the magistrate judge. (*See id.* at 9-10.) The Court held the contempt hearing as scheduled on January 6, 2025, and R T Farm Labor again failed to appear.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Certification of Facts Supporting Contempt Findings and Recommendations are supported by the record and proper analysis. A person who has been served but fails to comply with a Rule 45 subpoena or an order related to the subpoena "without adequate excuse" may be held in contempt. Fed. R. Civ. P. 45(g); *see also Chicago Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 507 (8th Cir. 2000). Because R T Farm Labor fails to offer *any* excuse for the failure to comply, it is clearly in contempt. Thus, the Court **ORDERS**:

1. The Certification of Facts and Findings and Recommendations to Hold Defaulted Defendant R T Farm Labor, Inc. in Contempt (Doc. 72) are **ADOPTED** in full.
2. Plaintiff's motion to compel, construed as request for order to show cause why a contempt citation should not issue is (Doc. 63) **GRANTED**.
3. R T Farm Labor, Inc. is **HELD** in contempt of the Court.
4. Plaintiff **SHALL** personally serve a copy of this order upon R T Farm Labor, Inc. and file proof of service with the Court.
5. R T Farm Labor, Inc. **SHALL** pay monetary sanctions of $50 per day, beginning the date after service of this order, for each day the company remains in contempt, payable to the Clerk of Court for the Eastern District of California.

///

---

[1] The magistrate judge ordered Plaintiffs "to personally serve a copy of the[] Certifications of Facts and Findings and Recommendations upon defaulted Defendant R T Farm Labor, Inc. … and to file proof of service with the Court." (Doc. 72 at 9.)

6. R T Farm Labor Inc. may purge the contempt by:

    a. Responding to the subpoena <u>and</u>

    b. Paying the monetary sanction ordered.

7. Plaintiffs **SHALL** file a status report every 14 days, informing the Court of whether R T Farm Labor Inc. has complied with the subpoena and whether an extension of the daily fine is necessary.

IT IS SO ORDERED.

   Dated: <u>**February 3, 2025**</u>

                                                          UNITED STATES DISTRICT JUDGE