UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLAUDIA GONZALEZ MONDRAGON, GUSTAVO GUSMAN, and ALAN REYES, on behalf of themselves and other similarly situated,

Plaintiffs,

v.

R T FARM LABOR INC, *et al.*,

Defendants.

Case No. 1:22-cv-01259-JLT-BAM

ORDER PARTIALLY DISCHARGING ORDER TO SHOW CAUSE

(Doc. 101)

FINDINGS AND RECOMMENDATIONS REGARDING MOTION TO DISMISS PLAINTIFFS' COMPLAINT AS TO DEFENDANT T&C VINEYARDS PURSUANT TO FRCP 41(b)

(Doc. 103)

Plaintiffs Claudia Gonzalez Mondragon, Gustavo Gusman, and Alan Reyes ("Plaintiffs") seek to hold defendants R T Farm Labor, Inc., T&C Vineyards, Ricardo Trevino Jr., Ricardo Gomez Trevino, and Harold Chuhlantseff liable for violations of California wage and hour laws and the federal Migrant and Seasonal Agricultural Worker Protection Act. (*See* Doc. 23.)

Currently before the Court are (1) the Court's Order to Show Cause issued on June 2, 2025, directing Plaintiffs to show cause why sanctions, including dismissal, should not be imposed for the failure to file timely status reports, and for the failure to prosecute this action, including failure to any motion for class certification, (Doc. 101), and (2) Defendant T&C Vineyards' ("T&C") motion to dismiss Plaintiffs' complaint against it on the grounds that Plaintiffs have failed to comply with the Court's orders, including the failure to file required

status reports and the failure to file a motion for class certification, and have failed to prosecute this action against T&C. (Doc. 103.) The motion to dismiss was referred to undersigned for the preparation of findings and recommendations. (Doc. 104.)

The show cause order and motion to dismiss came before the Court for hearing on August 8, 2025. Counsel Cody Alexander Bolce appeared by Zoom video on behalf of Plaintiffs. Counsel Rissa Stuart appeared by Zoom video on behalf of Defendant T&C Vineyards. Defaulted Defendants R T Farm Labor, Inc., Ricardo Trevino Jr., Ricardo Gomez Trevino, and Harold Chuhlantseff did not appear.

Having considered the briefing, the arguments of counsel, and the record in this action, the Order to Show Cause will be discharged only as to Defendants R T Farm Labor, Inc., Ricardo Trevino Jr., Ricardo Gomez Trevino, and Harold Chuhlantseff. Further, the Court will recommend that T&C's motion to dismiss be granted and that T&C be dismissed from this action with prejudice.

**RELEVANT PROCEDURAL BACKGROUND**

Plaintiffs initiated this action on October 3, 2022, against Defendants R T Farm Labor, Inc. ("R T Farm Labor"), Ricardo Trevino Jr., Ricardo Gomez Trevino, and Harold Chuhlantseff on October 3, 2022. (Doc. 1.) Following service of the complaint, and at Plaintiffs' request, the Clerk of the Court entered default against Ricardo Gomez Trevino, R T Farm Labor, and Ricardo Trevino Jr. on April 17, 2023. (Doc. 15.)

On September 7, 2023, the Court granted Plaintiffs leave to amend their complaint to add T&C as a defendant and to add a claim for penalties under the Private Attorneys General Act ("PAGA") against Defendants Harold Chuhlantseff and T&C. (Doc. 22.) Plaintiffs filed their first amended complaint on September 8, 2023. (Doc. 23.)

On November 27, 2023, T&C answered the amended complaint and filed a crossclaim for breach of contract, indemnity, apportionment of fault, and misrepresentation against Defendants R T Farm Labor, Ricardo Trevino Jr., Ricardo Gomez Trevino, and Harold Chuhlantseff. (Docs. 28, 29.) On January 8, 2024, T&C filed an amended answer to the complaint. (Doc. 41.)

On February 6, 2024, at the request of T&C, the Clerk of the Court entered default against

counter-defendants R T Farm Labor, Ricardo Trevino Jr., Ricardo Gomez Trevino, and Harold Chuhlantseff. (Doc. 47.)

On March 13, 2024, at Plaintiffs' request, the Clerk entered default against Defendant Chuhlantseff. (Doc. 50.)

On March 19, 2024, the Court held a status conference with Plaintiffs and T&C. (Doc. 52.) At that time, T&C informed the Court that it had provided documents obtained from R T Labor regarding T&C's 2022 contracting with R T Farm Labor. (Doc. 52.)

On March 28, 2024, the Court issued a scheduling order setting class certification deadlines, with a discovery cutoff and motion filing deadline of February 27, 2025. (Doc. 56)

On May 30, 2024, Plaintiffs filed a motion to compel compliance with a February 26, 2024 subpoena served on defaulted Defendant R T Farm Labor to produce documents, information, or objects or to permit inspection of premise pursuant to Federal Rule of Civil Procedure 45. (Doc. 63.) Following Plaintiffs' supplemental briefing, on July 15, 2024, the Court construed Plaintiffs' motion to compel as a request for an order to show cause why R T Farm Labor should not be held in contempt. (Doc. 68.) The Court granted the request and directed R T Farm Labor to appear and show cause why it should not be held in contempt for failure to comply with Plaintiffs' subpoena. (Doc. 68.)

The Court held a show cause hearing on August 22, 2024. Defaulted Defendant R T Farm Labor did not appear at the hearing or otherwise respond to the show cause order. The Court therefore certified facts for the district judge and issued findings and recommendations that recommended R T Farm Labor be held in contempt. (Doc. 72.) R T Farm Labor did not file any objections to the findings and recommendations and did not avail itself of the purge conditions identified by the Court. The district judge held a contempt hearing on January 6, 2025, and R T Farm Labor again failed to appear. The district court therefore adopted the findings and recommendations, held R T Farm Labor in contempt, and ordered R T Farm Labor to pay monetary sanctions for each day in contempt. (Doc. 86.) The district court also directed Plaintiffs to file a status report every 14 days informing the Court of whether R T Farm Labor had complied with the subpoena and whether an extension of the daily fine was necessary. (*Id.*)

On January 21, 2025, Plaintiffs filed a status report stating the R T Farm Labor had not complied with the subpoena. (Doc. 87.) Thereafter, on February 3, 2025, the district court issued an amended order requiring Plaintiffs to personally serve the contempt order on R T Farm Labor, Inc. (Doc. 89.)

On February 4, 2025, the Court held a mid-discovery status conference. (Doc. 91.) Plaintiffs claimed they did not have the discovery needed for class certification because of R T Labor's failure to respond to the subpoena, although T&C had provided documents. Plaintiffs requested vacating or continuing the class certification and discovery motion deadlines given the pending contempt order as R T Farm Labor. T&C reported that it had produced all relevant documents, its discovery responses were sufficient to calculate potential damages as to T&C regarding the number of employees and number of workdays, and that T&C was ready to discuss settlement in this matter. The Court expressly noted that Plaintiffs could not continue prolonging class certification as to T&C if it had complied with discovery requests. Plaintiffs agreed to discuss settlement and indicated their intention to send a settlement demand to T&C. Based on Plaintiffs' request, the Court continued the class certification deadlines, with a discovery cutoff and motion filing deadline of **March 28, 2025**. (Doc. 91.)

Plaintiffs filed a status report on February 18, 2025, which indicated that they had not received a response from R T Labor to their subpoena. (Doc. 94.) On February 5, 2025, the Court directed Plaintiffs, in their status reports, to inform the Court of the status of personal service of the amended order finding R T Farm Labor Inc in contempt. (Doc. 93.)

Plaintiffs filed status reports on February 18 and February 21, 2025, indicating Plaintiffs had not received a response from R T Farm Labor and detailing their attempts at personal service. (Docs. 94, 96.) In their February 21, 2025 status report, Plaintiffs indicated they would continue to attempt personal service on R T Farm Labor and, if those attempts were unsuccessful, then Plaintiff would request permission for substituted service of process through the California Secretary of State or via certified mail. (Doc. 96.)

On February 27, 2025, the Court held a status conference to assess the parties' progress

regarding settlement and class certification. Plaintiffs' counsel informed the Court that the parties had decided to mediate the claims, but that Plaintiffs would likely file a motion for class certification or pursue their PAGA claims. T&C informed the Court that the parties were discussing proposed mediators. Given the upcoming March 28, 2025 deadline for class certification discovery and class certification motions, the Court reminded the parties that settlement discussions were not good cause for continuing scheduled dates. (Doc. 98.)

Plaintiffs filed status reports on March 4 and March 18, 2025, indicating their attempts to personally serve R T Farm Labor with the contempt order were unsuccessful and they would request permission for substituted service of process through the California Secretary of State or via certified mail. (Docs. 99, 100.) Plaintiffs ceased filing status reports after March 18, 2025. (*See generally* Docket.)

**ORDER TO SHOW CAUSE**

On June 2, 2025, the Court issued an Order to Show Cause based on Plaintiffs' failure to file status reports and fail to file a motion for class certification. (Doc. 101.) The order stated:

> Plaintiffs were ordered to file a status report every fourteen (14) days informing the Court of whether R T Farm Labor Inc. had complied with the subpoena (Doc. 89) and the status of personal service of the Court's Amended Order Finding Defendant R T Farm Labor in Contempt (Doc. 93). Plaintiffs last filed a status report on March 18, 2025, and indicated they would request permission for substituted service. (*See* Doc. 100.) No additional status report or motion for substituted service has been filed. Additionally, the deadline for Plaintiffs to file any motion for class certification has passed (Doc. 91), and no motion or request for modification of the scheduling order has been filed. Accordingly, **no later than June 20, 2025**, Plaintiffs are ordered to show cause, in writing, why sanctions, including dismissal, should not be imposed for the failure to file timely status reports and for the failure to prosecute this action.

(Doc. 101.)

On June 23, 2025, Plaintiffs filed an untimely response to the show cause order. (Doc. 102.) Plaintiffs indicated: (1) Defaulted Defendant Ricardo Trevino Jr. filed a bankruptcy petition on November 21, 2024; (2) after the Court found R T Farm Labor in contempt, Plaintiffs reportedly considered moving for substitute service after attempts at personal service failed and file class for class certification, but "out of an abundance of caution, Plaintiffs filed a motion for relief of the automatic stay issued after Defaulted Defendant Trevino Jr. filed his bankruptcy

petition;" and (3) Plaintiffs' motion for relief from the stay was set to be heard on July 9, 2025. (Doc. 102.) Plaintiffs requested that the show cause order be vacated or that they be allowed to seek leave to file a motion for relief from the show cause order "due to a mistake arising from oversight." (*Id.* at 2.) Plaintiffs' counsel claimed that the show cause response deadline was not calendared due to an unspecified "administrative error." (Doc. 102-1, Declaration ¶ 5.)

Plaintiffs' response does not explain why they failed to file status reports, why they failed to file any motion for class certification with respect to T&C as required by the Scheduling Order, and why they failed to file a motion or request to modify the scheduling order regarding the class certification motion deadline. Plaintiffs' response also does not explain how the bankruptcy proceeding involving defaulted Defendant Ricardo Trevino Jr. prevented them from taking any of these actions. Notwithstanding the deficient response, and because Plaintiffs pursued a defaulted defendant in Bankruptcy, the Court will discharge the show cause order with respect to the defaulted defendants and will order Plaintiffs to provide a detailed status report regarding their actions relative to the bankruptcy proceedings. However, for the reasons explained below, the Court will not discharge the order to show cause with respect to T&C. Rather, as an appropriate sanction, the Court will recommend dismissal of T&C from this action with prejudice.

**MOTION TO DIMISS**

On June 24, 2025, T&C filed a motion to dismiss the complaint "on the grounds that Plaintiffs have failed to comply with the Court's orders, including the failure to file required status reports, failure to file a motion for class certification, and further, have failed to prosecute this action against T&C Vineyards." (Doc. 103 at 1.)

Parties' Positions

T&C contends that after they appeared and engaged in the early stages of litigation "the action has since devolved into an untenable state of procedural neglect as a direct result of Plaintiff's continued failure to comply with court orders and litigate the case in good faith." (Doc. 103 at 3.) T&C points to Plaintiffs' failure to file biweekly status reports after March 18, 2025, Plaintiffs' failure to file any request for substituted service on R T Farm Labor despite their representation indicating that they would do so, and Plaintiffs' failure to meet the deadline to file

a class certification motion, seek an extension of time, or attempt to justify their noncompliance. (*Id.* at 4.) As to the latter point, T&C asserts that Plaintiffs have abandoned all class claims. T&C additionally notes that the Court directed the parties to engage in settlement discussions in February 2025, but limited settlement discussions were exchanged since that time. (*Id.*)

Additionally, T&C cites deficiencies in Plaintiffs' response to the show cause order, including that (1) Plaintiffs' missed the response deadline without good cause, (2) Plaintiffs failed to explain why R T Farm Labor filing for bankruptcy[1] was never raised in any of its status reports filed with the Court between November 21, 2024, and March 18, 2025, nor during the February 27, 2025 status conference; and (3) defense counsel received a notice of bankruptcy, and in March 2025 an order of discharge, as to debtors Richard Trevino, Jr. and Indira Judith Trevino, but not a notice of bankruptcy for R T Farm Labor. (Doc. 103 at 4-5.)

T&C argues that it has been left in a state of legal uncertainty based on Plaintiffs' prolonged and unexplained period of inaction. T&C further argues that despite its cooperation and participation in discovery, Plaintiffs' lack of diligence has stalled the case entirely; it has been over 20 months since service of the first amended complaint and no trial date has been set. (Doc. 103 at 5-6.)

In opposition, Plaintiffs claim that the motion to dismiss is premature and unfounded given the posture of this case and the difficulties they have faced in prosecuting this action. (Doc. 106 at 2.) Plaintiffs also claim that they have diligently pursued discovery to substantiate their claim, detailing their efforts to seek contempt against defaulted Defendant R T Farm Labor. They assert that they were prepared to move for substituted service of the contempt order, but ultimately filed a motion for relief from the automatic bankruptcy stay in defaulted Defendant Trevino Jr.'s related bankruptcy. (*Id.*) To that end, Plaintiffs purportedly filed a motion for relief from the automatic bankruptcy stay on June 10, 2025, which was set to be heard on July 9, 2025. They also planned to participate in a scheduling conference for Plaintiffs' adversary proceedings

[1] Plaintiffs cited the bankruptcy of Ricardo Trevino Jr., *not R T Farm Labor, Inc.* Nonetheless, the status reports failed to inform the Court of Ricardo Trevino Jr.'s bankruptcy

on July 17, 2025, and indicated that they would complete initial disclosures in that proceeding by July 10, 2025.

Plaintiffs argue that any perceived delay in prosecuting this action by T&C "is due to factors outside Plaintiffs' control, such as not being able to obtain the necessary documents and information due to default by R T Farm Labor, Inc., challenges in securing personal service after Plaintiffs attempted to utilize the Court's subpoena powers, and defendants invoking bankruptcy instead of litigating the merits of this action." (Doc. 106 at 5.) Plaintiffs argue that they should not be penalized for delays when proceedings were reasonably stayed due to a related bankruptcy.

**Legal Standard**

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action if "the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). Similarly, this District's Local Rule 110 states that "[f]ailure of counsel or of a party to comply. . . with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110.

The Court must analyze five factors "before dismissing a case pursuant to Rule 41(b): 'the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

**Discussion**

1. The public's interest in expeditious resolution of litigation

As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *see also Ter-Galstanyan v. County of Kern*, No. 1:22-cv-00645-JLT-CDB, 2024 WL 2747628, at *2 (E.D. Cal. May 29, 2024).

T&C argues that this factor, which always favors dismissal, does so here given Plaintiffs' persistent and unjustified delays. Because Plaintiffs do not address this factor in their opposition, T&C additionally asserts that Plaintiffs have conceded this factor favors dismissal.

Here, the Court had set a schedule for class certification, to which both Plaintiffs and T&C had agreed. Thereafter, at a status conference with the Court, T&C indicated it had complied with discovery and produced relevant discovery such that claims against it could be determined and class certification motion could be brought. (Doc. 91.) Plaintiffs attempt to justify the delay by arguing they were pursuing one defendant in bankruptcy. Nonetheless, the Bankruptcy proceeding does not excuse failure to prosecute as to T&C. Given Plaintiffs' failure to advance this case with respect to T&C (or R T Farm Labor) and allowing the class certification motion deadline to pass without comment, the Court finds that this factor weighs in favor of dismissal.

2. The court's need to manage its docket

District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). Further,"[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]" *Pagtalunan*, 291 F.3d at 642 (citation omitted).

T&C argues that Plaintiffs' persistent and unjustified failure to comply with Court orders has severely undermined the Court's ability to manage its docket. T&C cites Plaintiffs' failure to file biweekly status reports, their failure to file a motion for substituted service after representing that they would seek leave to do so, and their failure to file a motion for class certification by the Scheduling Order deadline. As to this latter point, T&C notes that Plaintiffs did not request an extension of the class certification deadline nor offer any justification. T&C claims that Plaintiffs' conduct has made it impossible for the Court to move the matter toward resolution. T&C additionally asserts that Plaintiffs have conceded this factor favors dismissal because they did not address this factor in their opposition.

The Court finds that this factor weighs in favor of dismissal. As pointed out by T&C, Plaintiffs failed to file biweekly status reports ordered by the Court after March 2025, failed to file a motion for substituted service despite their representations that they would do so, and failed to comply with the Court's Scheduling Order deadline for filing a motion for class certification.

Additionally, and of critical importance to the Court's management of its docket, Plaintiffs never notified the Court of the bankruptcy proceedings involving defaulted Defendant Ricardo Trevino Jr. in any respect. Defaulted Defendant Ricardo Trevino Jr. reportedly filed a bankruptcy petition on November 21, 2024, and Plaintiffs filed an adversary proceeding on January 29, 2025. Plaintiffs assert that they notified the Court regarding the bankruptcy on February 4, 2025, during the mid-discovery status conference, and that they requested an extension of the class certification and discovery deadline to allow sufficient time to determine whether Plaintiffs could obtain timekeeping and payroll information in the related bankruptcy proceeding. Per Plaintiffs, the Court granted the request but limited the extension to one month. (Doc. 106-1; Declaration of Gonzalo Quezada ¶ 11.) Plaintiffs' assertion that they notified the Court of the bankruptcy is belied by the record in this case. The minutes and minute order from the February 4, 2025 mid-discovery status conference do not reflect *any* notification by Plaintiffs of the bankruptcy proceeding. The minutes and minute order instead reflect that Plaintiffs' counsel requested vacating or continuing the class certification deadlines given the pending contempt order. (*See* Doc. 91.) Plaintiffs' subsequent status report reflects that they placed an order for personal service on R T Farm Labor on February 4, 2025, and as of February 21, 2025, they were considering substituted service of process. (Docs. 94, 96.) Plaintiffs do not mention in any status report the bankruptcy proceeding. Indeed, Plaintiffs make no mention of the bankruptcy proceeding until their response to the show cause order on June 23, 2025, nearly seven months after they learned of such proceeding. (Doc. 102.) The failure to notify the Court of the bankruptcy proceedings precluded the Court from undertaking any efforts to manage its docket or avoid potential violations of the automatic bankruptcy stay.

3. The risk of prejudice to the defendants

A presumption of injury arises from unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).

T&C argues that the delay has impaired its ability to prepare its defense, as it remains unable to ascertain whether Plaintiffs still intend to prosecute this case. T&C acknowledges that the ability to obtain documents from R T Farm Labor has been impeded as that party is avoiding

service. T&C claims that the scope of discovery, the range of damages exposure, and the necessary factual development all remain unresolved. As a result, it cannot prepare for trial, move for summary judgment, or seek final resolution on the merits. Instead, "it has been forced to remain tethered to a dormant lawsuit with no indication of progress or accountability from Plaintiffs." (Doc. 103 at 13.) T&C indicates that it has participated in discovery, complied with scheduling orders, and prepared to litigate, but has been met with complete disengagement from Plaintiffs. T&C Vineyards further claims that Plaintiffs' delays have made it impossible to respond meaningfully to broad and undefined class allegations.

Plaintiffs counter that T&C has failed to identify any actual prejudice, such as injury to its legals rights or impairment of its ability to defend itself. Plaintiffs argue that T&C is in a better position to defend and prosecute its cross-complaint against R T Farm Labor, Ricardo Gomez Trevino, Ricardo Trevino Jr., and Harold Chuhlantseff than Plaintiffs. (Doc. 106 at 6.) To that end, Plaintiffs contend that while the California Labor Code does not impose an affirmative duty to do so, prudent client employers who wish to limit liability would request regular reports of timekeeping and payroll data from their labor contractors. Plaintiffs note that labor contractors must furnish their client employers with payroll lists of all the contractor's employees assigned to work for the grower and provide their client employers with payroll records. Plaintiffs argue that "as the client employer of Defaulted Defendant R T Farms Labor, Inc., Defendant T&C Vineyards should have access to and be able to defend itself and prosecute its cross-complaint, yet it has chosen to move to dismiss to gain a procedural advantage in this action rather than move for summary judgment to adjudicate the claims on their merits." (Doc. 106 at 6.) Plaintiffs contend the fact that T&C has not moved for summary judgment is telling. (*Id.*) Plaintiffs indicate that T&C has not prosecuted the cross claim or attempted to use the Court's subpoena powers to prosecute its cross complaint or preserve its claims against Ricardo Trevino Jr. in bankruptcy. Plaintiffs also complain that the Court has not set any deadlines regarding the cross complaint nor issued an order to show cause regarding its lack of prosecution. (Doc. 106 at 6 n.3)

In reply, T&C argues that it has suffered prejudice because Plaintiffs' failure to prosecute has frozen the litigation in place. Without knowing Plaintiffs' theory of liability, the scope of the

purported class, or the damages being sought, it cannot conduct relevant discovery, assess its risk to exposure, or pursue dispositive motions. T&C further asserts that its access to some payroll records does not eliminate the prejudice from the passage of time—due to loss of memory or the inability to locate witnesses. T&C additionally argues that repeated disobedience of a scheduling order is inherently prejudicial, citing a First Circuit case and a Ninth Circuit bankruptcy case. As to Plaintiffs' arguments regarding the crossclaims, T&C points out that its cross complaint is expressly contingent on liability in the main action.

The Court finds that this factor weighs in favor of dismissal. Plaintiffs have not rebutted the presumption of injury arising from their unreasonable delay in prosecuting an action. As noted above, Plaintiffs have not provided any reason as to why they could not prosecute this action with respect to T&C. The Court expressly warned Plaintiffs in February 2025 that they could not continue prolonging class certification to T&C if it had complied with discovery requests. (Doc. 91.) Despite repeated warnings about the class certification deadline, Plaintiffs made no efforts to file a motion relative to T&C prior to expiration of the deadline or request an extension of time.

4. The public policy favoring disposition of cases on their merits

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan*, 291 F.3d at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

T&C generally argue that Plaintiffs cannot invoke public policy favoring merits disposition because their own conduct has prevented it. T&C notes that Plaintiffs missed the class certification deadline, ignored multiple court orders, failed to engage in any meaningful settlement discussions, and have still offered no plan moving forward. (Doc. 107 at 8.)

Plaintiffs counter that public policy favors resolving their claims on the merits – especially given the presence of class claims. Plaintiffs cite *King v. Kansas City S. Indus., Inc.*, 519 F.2d 20,

25 (7th Cir. 1975), as noting the maintenance of class actions is federal policy. *King* did not involve a motion to dismiss for failure to prosecute.

The Court finds that this factor weighs in favor of dismissal of T&C. As discussed, Plaintiffs have failed to move this case toward disposition on the merits with respect to T&C. Plaintiffs' argument regarding the presence of class claims is not well taken given their failure to file a motion for class certification. Moreover, dismissal of T&C from this action does not equate to a corresponding dismissal of the class claims with respect to the remaining defendants.

5. The availability of less drastic alternatives

Plaintiffs argue that there are less drastic alternatives to dismissal available. They posit that while it is not necessary, "the parties can agree to dismiss Defendant T&C Vineyards without prejudice until Plaintiffs determine the extent of liability as to Defendant T&C Vineyards after Plaintiffs utilize the discovery process in Defaulted Defendant Trevino Jr.'s related bankruptcy proceeding." (Doc. 106 at 5-6.)

T&C replies that dismissing it without prejudice is not a true lesser sanction because it perpetuates the same delay and prejudice. T&C Vineyards argues that the Court has pursued lesser sanctions, such warnings about the class certification deadline, the show cause order, and warning about dismissal.

The Court does not find that there are less drastic alternatives to dismissal. The Court has pursued other measures, including repeated warnings regarding the class certification deadline, issuing a show cause order, and warning about potential dismissal. Further, Plaintiffs' own actions, namely the failure to notify the Court of the bankruptcy proceedings, prevented the Court from utilizing other alternatives, such as a stay of the entire proceedings.

**CONCLUSION AND ORDER**

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. The Order to Show Cause issued on June 2, 2025, (Doc. 101) is DISCHARGED only with respect to defaulted Defendants R T Farm Labor, Inc., Ricardo Trevino Jr., Ricardo Gomez Trevino, and Harold Chuhlantseff.

2. On or before **September 19, 2025**, Plaintiffs shall file a detailed status report regarding their actions relative to defaulted Defendant Ricardo Trevino Jr.'s bankruptcy proceeding and the related adversary proceeding.

3. Plaintiffs are advised that their failure to timely comply with this Order will result in the imposition of sanctions, which may include dismissal.

Further, IT IS HEREBY RECOMMENDED that:

1. The Motion to Dismiss Plaintiff's Complaint as to Defendant T&C Vineyards Pursuant to RFCP 41(b), (Doc. 103), be GRANTED; and
2. Defendant T&C Vineyards be DISMISSED from this action with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 14, 2025**

/s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE