UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLAUDIA GONZALEZ MONDRAGON, et al.,

Plaintiffs,

v.

R.T. FARM LABOR, INC., et al.,

Defendants.

Case No. 1:22-cv-01259-JLT-FJS

ORDER REGARDING PLAINTIFFS' REQUEST FOR DISMISSAL

(ECF No. 136)

On July 10, 2026, Plaintiffs Claudia Gonzalez Mondragon, Gustavo Gusman, Alan Reyes ("Plaintiffs") filed a request to dismiss without prejudice (1) all class claims and representative claims asserted under the Labor Code Private Attorneys General Act ("PAGA"); and (2) all claims asserted by Plaintiff Claudia Gonzalez Mondragon in this action. (ECF No. 136 at 2.) The request is signed by Plaintiffs' counsel only. The request does not cite any Federal Rule of Civil Procedure but the parties likely intended the request to operate as a voluntary dismissal pursuant to Rule 41(a).

The Ninth Circuit has held that Federal Rule of Civil Procedure 41(a)(1) cannot be used to dismiss individual claims against defendants, and that Rule 15 is the proper mechanism to do so. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) ("In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal

dismissals. Instead, withdrawals of individual claims against a given defendant are governed by [Rule 15]."); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988) (holding a plaintiff cannot use Rule 41 "to dismiss, unilaterally, a single claim from a multi-claim complaint."); *but see Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("The Plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice."). Accordingly, Rule 41(a) may not be employed to dismiss fewer than all the claims against a particular defendant. *See Ethridge*, 861 F.2d at 1392.

Plaintiffs are requesting that the court eliminate without prejudice (1) all class claims and representative claims asserted under the Labor Code Private Attorneys General Act ("PAGA"); and (2) all claims asserted by Plaintiff Claudia Gonzalez Mondragon in this action, leaving Plaintiffs Gustavo Gusman and Alan Reyes to proceed solely on their individual claims. Because the instant motion requests dismissal of fewer than all claims asserted against Defendants, Rule 15, not Rule 41, is the proper vehicle to accomplish the partial dismissal. The court finds it proper to construe Plaintiffs instant request to dismiss as a motion to amend the complaint under Rule 15 of the Federal Rules of Civil Procedure. *See Hells Canyon Pres. Council*, 403 F.3d at 689 ("The fact that a voluntary dismissal of a claim under Rule 41(a) is properly labeled an amendment under Rule 15 is a technical, not a substantive distinction.") (quoting *Nilssen v. Motorola, Inc.*, 203 F.3d 782, 784 (Fed. Cir. 2000)).

Rule 15 allows for a party to amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The only Defendant that appeared and answered Plaintiffs' complaint is T&C Vineyards, who was dismissed on October 27, 2025. (ECF No. 115.)[1] So obtaining the parties' written consent is not possible.

---

[1] Defendants R. T. Farm Labor, Inc., Ricardo Gomez Trevino, and Ricardo Trevino Jr. were personally served on November 27, 2022. (ECF Nos. 6-8.) The clerk entered default against all three on April 17, 2023. (ECF No. 15.) Defendant Harold Chuhlantseff was personally served on January 23, 2024. (ECF No. 42.) Following service of the first amended complaint, the clerk entered default against R. T. Farm Labor, Inc., Ricardo Trevino Jr., Ricardo Gomez Trevino, and Harold Chuhlantseff on February 6, 2024. (ECF No. 47.) T&C Vineyards' cross-complaint was dismissed on November 5, 2025. (ECF No. 119.)

Plaintiffs seek dismissal of the class-wide and representative claims because "Plaintiffs have been unable to obtain the payroll and timekeeping records necessary to continue litigating" these claims, "[n]o class has been certified, no motion for class certification has been filed, and no notice has been disseminated to any putative class members," and "Plaintiffs are unaware of any absent employee who has relied upon the pendency of this action, and dismissal without prejudice of the class and representative claims will not prejudice any absent employee." (ECF No. 136 at 2; 136-1 ¶ 6.) Plaintiffs' counsel concludes that "there is no realistic prospect of obtaining class certification or otherwise recovering on behalf of absent class members or PAGA aggrieved employees as to non-dismissed Defendants" and that "the likelihood of collecting any recovery for absent class members or aggrieved employees is remote." (136-1 ¶ 6.)

Therefore, the court will give full effect to Plaintiffs' request through a Rule 15 amendment.

Accordingly, IT IS HEREBY ORDERED pursuant to Plaintiffs' request to dismiss (ECF No. 136) and Federal Rule of Civil Procedure 15, the first amended complaint (ECF No. 23) filed on September 8, 2023, is DEEMED AMENDED to dismiss without prejudice (1) all class claims and representative claims asserted under the Labor Code Private Attorneys General Act ("PAGA"); and (2) all claims asserted by Plaintiff Claudia Gonzalez Mondragon in this action.

IT IS SO ORDERED.

Dated: **July 17, 2026**

UNITED STATES MAGISTRATE JUDGE